# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| IN RE: | CASE NO.: |
|---|---|
| STEVEN DALE DEATON | 23-02527-5-PWM |
| DEBTOR | CHAPTER 7 |

## MOTION FOR PRODUCTION OF DOCUMENTS AND INFORMATION PURSUANT TO FED. R. BANKR. P. 2004

(Bank of America)

NOW COMES Algernon L. Butler, III, as Chapter 7 Trustee in this bankruptcy estate, by and through undersigned counsel, and pursuant to Fed. Rule Bankr. P. 2004 respectfully requests that the Court enter an order directing Bank of America, N.A. ("Respondent") to produce and provide to the Chapter 7 Trustee certain documents and information which are more particularly set forth on **EXHIBIT A** attached hereto and incorporated herein by reference. In support hereof, the Chapter 7 Trustee shows unto the Court as follows:

Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

## Bankruptcy Filing & Background

2. On August 31, 2023 ("Petition Date"), Steven Deaton ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code, and Algernon L. Butler, III was appointed as Chapter 7 Trustee to fulfill the duties set forth in 11 U.S.C. § 704.

## Request for Production of Documents

3. Respondent is in the possession, custody, and/or control of documents and information that are necessary in order for the Chapter 7 Trustee to understand, evaluate, and assess the financial affairs, assets, and liabilities of the Debtor.

4. Fed. R. Bank. P. 2004 provides in pertinent part as follows:

>    (a) *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
>    (b) *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formation of a plan.

5. Under the Local Rules for the United States Bankruptcy Court for the Eastern District of North Carolina, "[a] motion for an examination under this rule shall be reviewed by the court and allowed ex parte." E.D.N.C. LBR 2004-1.

6. The broad language of Fed. R. Bankr. P. 2004(b), referring to "any matter which may affect the administration of the debtor's estate," the "source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan," and "any matter relevant to the case" allows for the use of this discovery device at any time during the

administration of the underlying bankruptcy case. Accordingly, such examinations may be used by a party to evaluate (i) the existence of the availability of assets of the estate, see, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("The purpose of a Rule 2004 examinations [sic] is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'"), and the existence and scope of any potential claims, because such claims are considered assets or liabilities of the bankruptcy estate. See In re Table Talk, Inc., 51 B.R. 143, 146 (Bankr. D. Mass. 1985).

7. The production of the documents and information requested herein will enable the Chapter 7 Trustee to obtain information necessary to evaluate, examine, and assess certain prepetition events, transactions, and occurrences affecting the Debtor and the estate. See In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred.").

8. Accordingly and based on the foregoing, the Chapter 7 Trustee respectfully requests that the Court enter an order directing Respondent to produce and deliver to the Chapter 7 Trustee no later than 5:00 P.M. on November 22, 2024 the documents and information set forth on the attached **EXHIBIT A**, pursuant to the instructions and definitions described in the attached **EXHIBIT B**, by electronic delivery or, in the alternative, physical delivery to the Chapter 7 Trustee at Butler & Butler, LLP, 111 N. 5th Avenue, Wilmington, North Carolina 28401 (or such other place as may be agreed between the Respondents and the Chapter 7 Trustee or that the

Chapter 7 Trustee may specify in a subpoena).

9. The Chapter 7 Trustee further requests that, to the extent that a subpoena is necessary to compel the production of the documents and information requested herein, the Court authorize service of the subpoena by any manner that reasonably insures actual receipt of the subpoena including delivery by electronic mail with receipt confirmed, first class mail postage prepaid, certified mail, or overnight courier such as Federal Express.

WHEREFORE, the Chapter 7 Trustee respectfully requests that the Court enter an order:

1. Pursuant to Fed. Rule Bankr. P. 2004, directing and requiring the Respondent to produce and deliver to the Chapter 7 Trustee no later than 5:00 P.M. on November 22, 2024 the documents and information set forth on the attached **EXHIBIT A**, pursuant to the instructions and definitions described in the attached **EXHIBIT B**, by electronic delivery or, in the alternative, physical delivery to the Chapter 7 Trustee at Butler & Butler, LLP, 111 N. 5th Avenue, Wilmington, North Carolina 28401 (or such other place as may be agreed between the Respondents and the Chapter 7 Trustee or that the Chapter 7 Trustee may specify in a subpoena);

2. To the extent that a subpoena is necessary to compel the production of documents and/or information or attendance at an examination, authorizing service of the subpoena by any manner that reasonably ensures actual receipt of the subpoena including delivery by electronic mail with receipt confirmed, first class mail postage prepaid, certified mail, or overnight courier such as Federal Express; and

3. Granting the Chapter 7 Trustee such other and further relief as the Court may deem just and proper.

|  | BUTLER & BUTLER, L.L.P. |
|---|---|
| DATED: October 28, 2024 | s/Algernon L. Butler, III<br>Algernon L. Butler, III<br>Attorneys for the Chapter 7 Trustee<br>NC State Bar No. 20881<br>P. O. Box 38<br>Wilmington, NC 28402<br>Telephone (910)762-1908<br>Facsimile (910) 762-9441<br>Email: albutleriii@butlerbutler.com |

# EXHIBIT A

## DOCUMENTS & INFORMATION TO BE PRODUCED

Produce all of the following documents and information in the possession, custody, or control of, or otherwise available to, Respondent:

1. All account statements for each of the following accounts, for the period January 1, 2019 through September 1, 2023:
   - All credit card accounts of the Debtor Steven Dale Deaton with Respondent, including but not limited to account # XXXXXXXXXXXX5341.

2. All account agreements, including agreements evidencing the principal obligor and any co-obligor or guarantors, for each of the following accounts:
   - All credit card accounts of the Debtor Steven Dale Deaton with Respondent, including but not limited to account # XXXXXXXXXXXX5341.

3. An accounting of all transactions with regard to each of the following accounts, for the period January 1, 2019 through September 1, 2023:
   - All credit card accounts of the Debtor Steven Dale Deaton with Respondent, including but not limited to account # XXXXXXXXXXXX5341.

4. All account statements for each of the following accounts, for the period January 1, 2019 through September 1, 2023:
   - All credit card accounts of EvoHealth, LLC with Respondent, including but not limited to account # XXXXXXXXXXXX9596.

5. All account agreements, including agreements evidencing the principal obligor and any co-obligor or guarantors, for each of the following accounts:
   - All credit card accounts of EvoHealth, LLC with Respondent, including but not limited to account # XXXXXXXXXXXX9596.

6. An accounting of all transactions with regard to each of the following accounts, for the period January 1, 2019 through September 1, 2023:
   - All credit card accounts of EvoHealth, LLC with Respondent, including but not limited to account # XXXXXXXXXXXX9506.

# EXHIBIT B

## INSTRUCTIONS & DEFINITIONS

### Instructions

1. In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation or expurgation of any sort.

2. All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

3. All documents requested herein as to which you withhold production on the basis of a claim of privilege or statutory authority shall be listed in accordance with the instruction above and shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; (g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom shown or explained; (j) present custodian; and (k) factual or legal basis for claimed privilege, or other specific authority—statutory or non-statutory—providing the basis claimed for non-production.

4. All documents requested herein which have been destroyed, placed beyond your control, or otherwise disposed of shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; (g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom distributed, shown or explained; (j) date of destruction or other disposition; (k) reason for destruction or other disposition; (l) person authorizing destruction or other disposition; (m) person destroying or otherwise disposing of document; and (n) if not destroyed, person in possession of document otherwise disposed of.

5. "And" or "or" shall be construed in the conjunctive or disjunctive as necessary to make the interrogatory inclusive rather than exclusive.

6. The use of the singular form of any word includes the plural and vice versa.

7. The use of the word "including" shall be construed to mean "without limitation."

8. These requests cover a specified time period ending on the date of any response or production and, to the extent required by Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 2004, are continuing. In the event that any information, documents, materials, or items come to your attention, possession, custody, or control subsequent to your providing responses to these document requests, which materials or information are responsive to any of the foregoing requests, but which were not included in your initial response or production thereto, you are required to supplement and furnish the additional information and materials as soon as possible.

9. If you do not have any documents or information responsive to a particular request, you must so state.

## Definitions

The definitions of the following words, and any forms of the following words including the plural, possessive, and infinitive forms, shall govern this Rule 2004 production request and are used in the broadest sense in order to elicit full and complete information:

1. All defined terms set forth in the Motion shall have the meanings set forth therein.

2. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, facsimiles, letters, electronic mail, telegrams, telexes, tapes or other sound recordings, or other means of transmitting information from one source to another.

3. "Concerning" or "concern" shall mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, concerning, constituting, embodying, and/or mentioning.

4. "Debtor" shall refer to Steven Deaton.

5. "Document" or "documents" shall have the meaning employed in Federal Rule of Civil Procedure 34(a) and Federal Rule of Bankruptcy Procedure 7034, and includes, without limitation, (a) all writings, electronically stored information, data compilations, or tangible items of whatever type, nature or description, whether typed, handwritten, printed, electronically stored, or otherwise; (b) tape or other sound or video recordings, e-mails, computer tapes, discs and other electronic or mechanical recordings, however recorded or reproduced; and (c) information stored in a computer including archived files and backup tapes, whether or not ever printed out or displayed. A draft is a separate document from the final text and each non-identical copy is a separate document.

The term document includes without limitation correspondence, opinions (regardless of whether such opinion was prepared by an expert), appraisals, accountings, maps, surveys, reports, memoranda, interoffice communications, notes, diaries, contracts, documents, drawings, photographs, charts, wholesale invoices and other invoices, receipts, cancelled checks, accounting records, pick-up forms, vouchers, and voucher requests, in any media including handwritten, typed, recorded, computer file, or computer tape.

6. "Each" includes both "each" and "every."

7. "Identify" when used to refer to a natural person means to state (a) his or her full name; (b) his or her business address and telephone number; (c) the substance of his or her knowledge and where such knowledge was obtained; and (d) his or her employer and the position in which he or she was employed at all times relevant hereto.

8. "Identify" or "Identification" when used to refer to a document or other written communication means to state (a) the title; (b) the type (e.g. memorandum, letter, invoice, etc.); (c) the general subject matter; (d) the date, or if the specific date thereof is unknown, the month and year or other best approximation of such date; (e) the identity of the person or persons who wrote, contributed to, prepared or originated the document; (f) the location of the document; (g)

the present or last known address and custodian of the document; (h) the identity of the recipients or addresses of the document; and (i) the document number, if available.

9. "Identify" or "Identification" when used to refer to an oral agreement, communication or discussion means to state (a) the time; (b) the date; (c) the place; (d) the means of the oral communication (e.g. telephone, personal meeting, etc.); (e) the identity of all persons participating in the oral communication; (f) the identity of persons hearing the oral communication; and (g) a detailed description of the oral communication.

10. "Person" shall mean any natural person or any legal entity, including, but not limited to, a corporation, partnership and unincorporated association, and any officer, director, employee, agent or other person acting or purporting to act on its behalf.

11. "Relate to," "related to," "relating to," and "regarding," shall mean analyzing, containing, concerning, dealing with, constituting, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, referring to, setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the particular request.

12. "Value," shall mean the monetary worth or price of something and the corresponding amount of goods, services, or money that something commands in exchange.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that (s)he is over eighteen (18) years of age, and that the

## MOTION FOR PRODUCTION OF DOCUMENTS AND INFORMATION PURSUANT TO FED. R. BANKR. P. 2004

in the above captioned case was this day served upon the below named persons as follows:

<u>Via electronic service through CM/ECF:</u>

| | |
|---|---|
| United States Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | Mr. Travis Sasser<br>2000 Regency Parkway, Suite 230<br>Cary, NC  27518 |

<u>Via mailing, postage prepaid, certified mail, return receipt requested</u>:

Bank of America, N.A.
Attn: Managing Officer/Agent
P.O. Box 673033
Dallas, TX 75267-3033

|  |  |
|---|---|
| DATED:	October 28, 2024 | BUTLER & BUTLER, L.L.P.<br><br> s/Algernon L. Butler, III<br>Algernon L. Butler, III<br>Attorneys for the Chapter 7 Trustee<br>NC State Bar No. 20881<br>P. O. Box 38<br>Wilmington, NC 28402<br>Telephone (910)762-1908<br>Facsimile  (910) 762-9441<br>Email: albutleriii@butlerbutler.com |